Irving L. Berg (SBN 36273)
THE BERG LAW GROUP
145 Town Center, PMB 493
Corte Madera, California 94925
(415) 924-0742
(415) 891-8208 (Fax)
irvberg@comcast.net (e-mail)

ATTORNEY FOR PLAINTIFF

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE V. TESORERO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>NCO PORTFOLIO MANAGEMENT; RESURGENT CAPITAL SERVICES, L.P.; ASSETCARE, INC.,<br><br>Defendant._____/ | Case No.: CV 08-2449 SBA<br><br>**CLASS ACTION**<br><br>**COMPLAINT TO RECOVER DAMAGES FOR UNLAWFUL DEBT COLLECTION PRACTICES**<br><br>**JURY DEMAND** |

## I. PRELIMINARY STATEMENT

1. This is a consumer class action based upon Defendants' conduct in sending collection letters that violate the anti-deception provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e ("FDCPA"), and failing to provide the validation notice required by 15 U.S.C. § 1692g(a).

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 & 1337.

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

### III. PARTIES

4. Plaintiff, JOSE V. TESORERO ("Mr. Tesorero"), is a married man who resides with his wife in Daly City, California.

5. Defendant NCO PORTFOLIO MANAGEMENT ("NCO") is an out-of-state business entity engaged in debt collection. It is a debt collector pursuant to 15 U.S.C. § 1692(a)(6). Its principal office is at 507 Prudential Road, Horsham, PA 19044. Service on a company officer is made at that address.

6. Defendant, RESURGENT CAPITAL SERVICES, L.P. ("Resurgent"), is an out-of-state business entity engaged in debt collection. It is a debt collector pursuant to 15 U.S.C. § 1692g(a)(6). Resurgent has a principal place of business located at 15 S. Main Street, Suite 701, Greenville, South Carolina 29601. Service of process is made on a company officer at that address.

7. Defendant ASSETCARE, INC. ("Assetcare") is an out-of-state entity engaged in debt collection. It is a debt collector pursuant to 15 U.S.C. § 1692a(6). Its principal office is at 5100 Peachtree Blvd., Norcross, Georgia 30071. Service of process is made on a company officer at that address.

8. All of the Defendants are jointly and severally liable for the unlawful conduct alleged herein.

9. All of the Defendants collaborated in producing, authorizing, and sending the collection letter attached hereto as Exhibits A and B. The letter is printed on both sides. Unless otherwise stated, the letter is referred to as Exhibit A

10. Hereafter, unless otherwise stated, the reference to "Defendant" is to all of the Defendants described above.

### IV. FACTUAL ALLEGATIONS

11. In August, 1999, Plaintiff incurred a debt on a Sears credit card that was used by Plaintiff to purchase goods and services for his personal needs.

12. Plaintiff was unable to pay the credit card debt because of financial problems.

13. Sometime thereafter, the account was purchased by Defendant NCO and assigned

to Defendants Assetcare and Resurgent for collection.

14. In December, 2007, the exact date is unknown because none is shown on the letter, Defendant sent <u>Exhibit A</u> to Plaintiff.

15. The letter features a skillfully designed, multi-colored replica of a Visa card, next to a message in bold type: "**EASY AS 1-2-3,**" i.e., "Obtain a Visa credit card."[1]

16. Defendant violates 15 U.S.C. §§ 1692e and e(10) by use of deceptive means to ensnare the consumer, with its Visa card display, to transfer Plaintiff's debt to a Visa credit card, and by following that display with a false message in the first paragraph of the letter stating:

> In 3 easy steps, you can address your debt and at the same time earn the benefits and privileges that come with carrying a Visa credit card.

17. Plaintiff receives none of the benefits and privileges of carrying a Visa card or addressing his debt. Instead, Plaintiff is deceived into a transfer of a time-barred debt into a current debt with harsh terms:

    A. Plaintiff, by the 1-2-3 easy transfer, will re-age an otherwise time-barred debt, and increase the interest that would otherwise be charged on the debt.

    B. Plaintiff will only obtain "credit" based on the money he has paid on the transferred debt–not a benefit and privilege of carrying a Visa card.

    C. The "benefits and privileges that come with carrying a Visa credit card" do not come to Plaintiff, as Plaintiff, rather than having charge privileges, will have no available credit when he receives his credit card. Plaintiff creates credit by borrowing against the payment he is making on his debt, after deduction of the bank fees and charges–not a benefit and privilege of carrying a Visa card.

18. The Defendants' collection letter, with its use of the replica of the Visa credit card, its "**EASY AS 1-2-3**" message, and trumpeting of the benefits and privileges of the Visa

---

[1] In barely visible type, the card is issued by the Plains Commerce Bank, Hoven, South Dakota. Though Plains Commerce Bank is a non-party, its credit card has been described as a "truly rotten card." Lucy Lazarony, Bankrate.com; See also Deborah McNaughton, "The Insider's Guide to Managing Your Credit (1997, Dearborn Trade Pub.)

COMPLAINT              3              TESORERO V. NCO PORTFOLIO MANAGEMENT, ET AL.

1  card, violates 15 U.S.C. §§ 1692e and e(10) as a false, deceptive and misleading means to collect a debt.

19. Further, the Defendants violate 15 U.S.C. § 1692e(10) by seeking to obtain information concerning Plaintiff by conditioning the "**EASY AS 1-2-3**" transfer on the Plaintiff's disclosing his date of birth, Social Security number, home phone, business phone, home address, and business address.

20. Further, Defendant violates 15 U.S.C. § 1692e in its collection letter, as it makes false, deceptive, and misleading representations as to the benefits to be obtained from the transfer to the Visa card.

21. The Defendants' letter was the initial communication from Defendant Resurgent, and required compliance with 15 U.S.C. § 1692g(a). Defendants failed to comply with said statute.

## V.  CLASS ALLEGATIONS

22. Plaintiff brings this action individually and as a class action, pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure, on behalf of the following Class: All persons in the State of California during the one-year period prior to the filing of this Complaint and up through the time of judgment of this action who: (a) received the two-sided letter attached hereto as Exhibits A and B.

23. The Class is so numerous that joinder of all members is impracticable. Although the precise number of Class members is known only to Defendant, Plaintiff avers upon information and belief that the Class numbers is in the thousands.

24. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. The principal question is whether the Defendants violated the FDCPA by sending a collection letter that failed to state the debtor's validation rights. Another question is whether the Defendants violated the FDCPA by making false, deceptive, and misleading representations regarding the benefits of converting the debt to the credit card described at Exhibit A.

25. Plaintiff's claims are typical of the claims of the Class, which all arise from the

same operative facts and are based on the same legal theories.

26. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is committed to vigorously litigating this matter. Further, Plaintiff has retained counsel highly experienced in class action litigation to prosecute his claims and those of the Class.

27. This action should be maintained as a class action because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the Class, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

28. Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

29. A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small as the maximum statutory damages are limited to $1,000.00 under the FDCPA. Management of the Class claims is likely to present significantly fewer difficulties than those presented in many individual claims. The identities of the Class members may be obtained from Defendant's records.

### VI.  CLAIM FOR RELIEF
(Violation of the FDCPA)

30. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

31. Defendants violate the FDCPA by sending a collection letter:

    A. making representations that are false, deceptive, and misleading regarding the benefits of transferring Plaintiff's debt to a Visa credit card, violations of 15 U.S.C. § 1692e and e(10).

B. seeking information concerning the consumer in violation of 15 U.S.C. § 1692e(10).

C. failing to provide Plaintiff with the validation notice required by 15 U.S.C. § 1692g(a).

32. Due to Defendant's violation of the FDCPA, Plaintiff and the Class are entitled to statutory damages in the amount of the lesser of $500,000 or 1% of the Defendant's net worth.

## VII. JURY TRIAL DEMAND

33. Plaintiff demands trial by jury on all issues so triable.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in favor of himself and the Class for the following:

A. Statutory damages in the amount of the lesser of $500,000 or 1% of Defendant's net worth;

B. Costs and reasonable attorneys' fees pursuant to section 15 U.S.C. § 1692k(a)(3) of the FDCPA.

C. Such other and further relief as may be necessary, just and proper.

Dated:   5/3/08                               /s/
                                              Irving L. Berg
                                              THE BERG LAW GROUP
                                              145 Town Center, PMB 493
                                              Corte Madera, California 94925
                                              (415) 924-0742
                                              (415) 891-8208 (Fax)

                                              ATTORNEY FOR PLAINTIFF